UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARRIN M. GORDON,

   Plaintiff,

 v.

OCEAN COUNTY BOARD OF
CHOSEN FREEHOLDERS, et al.,

   Defendants.

Civil No. 11-5237 (JAP)

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Plaintiff Darrin M. Gordon ("Plaintiff") submission of a civil complaint and accompanying application to prosecute this matter in forma pauperis and it appears that:

1. On September 30, 2010, the Clerk received from Plaintiff a package consisting of a civil complaint and an incomplete in forma pauperis application (which included only Plaintiff's affidavit of poverty); that submission gave rise to Gordon v. Berkeley Twp Police Dept. ("Gordon-I"), Civil Action No. 10-5061 (JAP) (D.N.J.). See Gordon-I, Docket Entry No. 1. The submission was docketed, as modified, on October 18, 2010, and assigned to the undersigned. See id.

2. On October 19, 2010, Plaintiff submitted another in forma pauperis application which, again, included only Plaintiff's affidavit of poverty. See id., Docket Entry No. 2.

3. On October 20, 2010, this Court issued an order in Gordon-I, stating, inter alia, as follows:

> The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil complaint is **$350.00**. See  28 U.S.C. § 1914(a).  If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).  The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00.  See 28 U.S.C. § 1915(b).  In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.

Id., Docket Entry No. 3, at 1-2 (emphasis in original).

4. The Court, therefore, denied Plaintiff in forma pauperis status for the purposes of Gordon-I; such denial was without prejudice.  See id. at 2-3.  Specifically, the Court's order concluded with the following explanation to Plaintiff and directive to the Clerk:

> ORDERED that the Clerk shall administratively terminate this action, **without** filing the Complaint or **assessing a filing fee**, . . . ; and it is further
> ORDERED that Plaintiff may have [Gordon-I] reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $**350.00** filing fee or files with the Clerk his certified six-month prison account statement, as required by 28 U.S.C. § 1915(a); and it is finally
> ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, **together with a blank in forma pauperis application for imprisoned individuals seeking to file a civil complaint** [in order to facilitate Plaintiff's endeavors toward execution of a complete in forma pauperis application]. . . .

<blockquote>Id. at 3 (emphasis supplied).</blockquote>

5. On November 8, 2010, two and a half weeks after this Court's issuance of the above-quoted order, Plaintiff submitted his amended complaint in Gordon-I, see id., Docket Entry No. 4, together with his in forma pauperis application *executed on the form provided to him by the Clerk*, see id., Docket Entry No. 5, which expressly opened with the statement, "The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently **$350.00**) in advance or the person applies for and is granted in forma pauperis status . . . ." Id. at 1 (emphasis supplied). Plaintiff duly completed that official, Clerk-provided form, signed it and dated it. See id. at 3.

6. On June 27, 2011, this Court issued an order ("June Order") and accompanying opinion ("June Opinion") assessing Plaintiff's latest in forma pauperis application and screening Plaintiff's amended complaint for sua sponte dismissal. See id., Docket Entries Nos. 8 and 9. The Court's June Opinion stated, on its first page, as follows: "Following this Court's order directing submission of a proper IFP application, Plaintiff cured the deficiencies of his original submission. . . . Based on Plaintiff's affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) . . . ." Id., Docket Entry No. 8, at 1. The June Order stated the same, see id., Docket Entry No. 9, at 1, and directed collection of the filing fee in installments, in accordance with the statutory scheme. See id. at 2.

7. The Court then turned to Plaintiff's Gordon-I amended complaint for screening. See id., Docket Entry No. 8. The Court's discussion opened with an extensive explanation of the

standard of review, see id. at 2-4, detailed discussion of Plaintiff's challenges, see id. at 4-8, and then proceeded to a careful substantive analysis of every aspect of Plaintiff's allegations. See id. at 8-22. In connection with that analysis, the Court explained to Plaintiff, inter alia, that certain entities could not qualify as "persons" for the purposes of a § 1983 suit, detailed to Plaintiff the insufficiency of challenges based solely on the respondeat superior theory, pointed out the factual assertions necessary to state a malicious prosecution claim, explained the requirements posed by the applicable statute of limitations, detailed the nature and operations of witness immunity, stated the parameters of prosecutorial immunity, and outlined the workings of the Younger abstention. See id. Assessing Plaintiff's challenges in light of these legal tests, the Court dismissed Plaintiff's amended complaint. See id. At the end, weighing on whether Plaintiff could cure the deficiencies of his amended complaint by another round of repleading, the Court found that issuance of leave to amend was futile and, in no ambiguous terms, dismissed the amended complaint with prejudice. See id. at 23-23. Correspondingly, no service of process was directed, and the June Opinion closed with the statement leaving no doubt as to the outcome of Gordon-I, i.e., "[t]he Court will grant Plaintiff's application to file the amended complaint in forma pauperis and will dismiss Plaintiff's claims with prejudice." Id. at 24. The June Order reiterated the same. See id., Docket Entry No. 9, at 2. The Clerk duly served the June Opinion and June Order upon Plaintiff and closed the file on Gordon-I. See id., docket entry dated 6/27/2010.

8. Three months after this Court's dismissal of Gordon-I, Plaintiff submitted another civil complaint ("Complaint") and another in forma pauperis application; that new round of

submissions gave rise to the case at bar, Gordon v. Ocean County Board of Chosen Freeholders ("Instant Matter" or "Gordon-II"), Civil Action No. 11-5237 (JAP) (D.N.J.).

9. Apparently disregarding this Court's guidance provided in Gordon-I (that § 1983 claims cannot not be based on a mere respondeat superior theory), Plaintiff's Complaint asserted challenges against Ocean County Board of Chosen Freeholders and Theodore J. Hutler Jr. (the supervisor of Ocean County's Correctional facilities) on the basis of the actions allegedly taken – or allegedly omitted – by the staff of the facility where Plaintiff was housed during his pre-trial detention. See Gordon-II, Docket Entry No. 1.  Substantively, the Complaint alleged two lines of challenges, namely: (a) one line of claims ("Access Claims") maintaining that the conditions at the facility where Plaintiff was held during his pre-trial period violated his access-to-the-courts rights because that facility provided online access to law by means of Westlaw (rather than by hard-copy volumes of law book, which Plaintiff would have preferred), did not have an on-staff paralegals, supplied Plaintiff with a hard copy of state law (which Plaintiff requested but which he considered "redacted," without explanation as to why he so believed), and informed Plaintiff that he and all other inmates would be charged a 10-cents-per-page copying fee for legal material unrelated to the inmate's criminal charges; and (b) a second line of claims  ("Filing Fee Claim") expressing Plaintiff's displeasure with the fact that defendants named in Gordon-I were not ordered by this Court to be served with process and, in addition, alleging that a certain printed instruction provided to Plaintiff by an unspecified entity or individual (which instruction, allegedly, provided guidance as to how to commence a Section 1983 action) wrongly informed Plaintiff that the filing fee was $15.00, and that such wrongful

representation led Plaintiff to believe that he would incur only the obligation to pay $15.00 for commencement of his Gordon-I action, thus unduly "entrapping" him in statutorily-mandated installments of the $350.00 filing fee assessed by this Court in connection with Gordon-I. See id. In conjunction with the foregoing, Plaintiff stated that, in Gordon-II, he was seeking: (a) on behalf of himself and similarly situated inmates, injunctive relief (in the form of an order directing the facility of his pre-trial confinement to develop what Plaintiff would consider an "adequate library staffed with persons trained in law"); and (b), on his own behalf only, Defendants' payment of $350.00 – apparently, to compensate him for the filing fee assessment imposed by this Court in regard to Gordon-I.

10. Typically, this Court – upon examination and grant of Plaintiff's in forma pauperis application submitted in Gordon-II, would proceed to screening Plaintiff's Gordon-II challenges for sua sponte dismissal, as required by statute. However, Plaintiff's application at bar presents unique circumstances light of the allegations made by Plaintiff in his Filing Fee Claim.

11. It is evident that Plaintiff's allegations that he was somehow misled into incurring the obligation to pay, in installments, the $350.00 filing fee in connection with his Gordon-I action, present fraud on this Court.[1] As the discussion provided at the outset of this

---

[1] An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing. See Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1428 (7th Cir. 1993); see also Total Petroleum, Inc. v. Davis, 822 F.2d 734 (8th Cir. 1987) (holding that the doctrine only applies to deliberate inconsistencies that are "tantamount to a knowing misrepresentation to or even fraud on the court").

Memorandum Opinion and Order detailed, when Plaintiff submitted his two original, incomplete in forma pauperis application in Gordon-I, no assessment of a filing fee was directed, Plaintiff was expressly informed by this Court of that development, it was emphasized to him that the filing fee would be $350.00 had he elected to submit his complete in forma pauperis application, and Gordon-I was administratively terminated without any financial or legal consequences to Plaintiff.  Being so advised by this Court, Plaintiff still elected to seek reopening of Gordon-I by submitting his signed official in forma pauperis application form, which expressly opened with the statement that Plaintiff was undertaking the obligation to pay, in installments directed by the statute, the $350.00 filing fee.  Yet, in the Instant Matter, Plaintiff states, inter alia, that an allegedly misleading instruction caused him to incur the obligation to pay his filing fee, and he seeks collection of $350.00 of this filing fee from Defendants (who, even according to Plaintiff's Gordon-II Complaint, had no personal involvement in connection with that alleged instruction).

---

Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996).

> Judicial estoppel, sometimes called the "doctrine against the assertion of inconsistent positions," is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding.  It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from "playing 'fast and loose with the courts.'" Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 513 (3d Cir. 1953) (citation omitted).

Id. at 358.

IT IS, therefore, on this 12th day of March, 2012,

ORDERED that Plaintiff's claims asserting that he was misled into incurring the obligation to pay his filing fee of $350.00 assessed in connection with his Gordon v. Berkeley Twp Police Dept., Civil Action No. 10-5061 (JAP) (D.N.J.), are judicially estopped on the grounds of Plaintiff's fraud on this Court; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that Plaintiff may have this case reopened if, and only if, Plaintiff files, as a supplement to his in forma pauperis application submitted in the Instant Matter, an affidavit expressly acknowledging Plaintiff's awareness of the fact that, if granted in forma pauperis status, he would accrue *another* obligation to pay, in statutorily-directed installments, the filing fee of $350.00 (meaning, an obligation to pay the $350.00 filing fee distinct and separate from Plaintiff's obligation to pay $350.00 in Gordon v. Berkeley Twp Police Dept., Civil Action No. 10-5061 (JAP) (D.N.J.)); and it is further

ORDERED that, in the event Plaintiff elects to submit such supplemental affidavit, he shall submit it within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that, in the event Plaintiff elects to submit his supplemental affidavit in the Instant Matter (verifying Plaintiff's awareness of the fact that, if granted in forma pauperis status, Plaintiff would accrue another obligation to pay, in statutorily-directed installments, the filing fee of $350.00), Plaintiff shall accompany his supplemental affidavit with an amended complaint stating *solely* his Access Claims against those defendants who were *personally involved in the*


*wrongs alleged by Plaintiff*, in accordance with the guidance already provided to Plaintiff by this Court in Gordon v. Berkeley Twp Police Dept., Civil Action No. 10-5061 (JAP) (D.N.J.); no assertions based solely on entities or individuals' supervisory capacity will be entertained,[2] nor will allegations in connection with Plaintiff's claim that he was misled into incurring the obligation to pay the $350.00 filing fee in the Instant Matter or in Gordon v. Berkeley Twp Police Dept., Civil Action No. 10-5061 (JAP) (D.N.J.) or that defendants in that prior action unduly escaped service of process, as such claims are facially frivolous; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested, and shall include in said mailing a copy of this Court's opinion entered in Gordon v. Berkeley Twp Police Dept., Civil Action No. 10-5061 (JAP) (D.N.J.), dated June 27, 2011, and docketed in that matter as Docket Entry No. 8.

/s/ JOEL A. PISANO
**Joel A. Pisano**
**United States District Judge**

---

[2] The Court notes that any paraphrasing of these claims, for example that a certain entity or individual was an "overseer of policy," see Gordon-II, Docket Entry No. 1, at 2, cannot suffice as statements of facts showing personal involvement of that entity or individual in the alleged wrongs.